

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | No. 3:07-CR-112-P |
| THE STORE DECOR COMPANY, INC. - RETAILGRAPHICS (4) | § § § | ECF |

## PLEA AGREEMENT

The Store Decor Company, Inc. - Retailgraphics (Store Decor), the defendant's attorney Ted Steinke, and the United States of America agree as follows:

1. **Rights of the defendant:** Store Decor understands that it has the right:

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have its guilt proven beyond a reasonable doubt; and

    d. to confront and cross-examine witnesses and to call witnesses in its defense; and

2. **Waiver of rights and plea of guilty:** Store Decor waives these rights and pleads guilty to the offense alleged in Count 2 of the indictment, charging a violation of 42 U.S.C.§ 6928(d)(1), that is, the transportation of hazardous waste to an unpermitted facility. Store Decor understands the nature and elements of the crime to which it is pleading guilty, and agrees that the factual resume it has signed is true and will be submitted as evidence.

3. **Sentence:** The maximum penalties the Court can impose include:

  a. probation for a term not to exceed five (5) years;

  b. a fine of not more than $50,000.00 per day of violation, or twice the gross gain to the defendant or twice the gross loss to the victim, whichever is greater;

  c. a mandatory special assessment of four hundred dollars ($400.00); and

  d. restitution to the victim or to the community, which may be mandatory under the law, and which Store Decor agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone.

4. **Court's sentencing discretion and role of the Guidelines:** Store Decor understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. Pursuant to Rule 11(c)(1)(C), the parties agree that the following sentence is the appropriate disposition of the case:

  a. a sentence of probation;

  b. a fine of $50,000, payable to the Clerk of the Court within thirty (30) days following sentencing by the Court; and

  c. restitution in the amount of $50,000, payable to the Kaufman County Sheriff's Office Federal Seizure Fund, within thirty (30) days following sentencing by the Court.

Pursuant to Rule 11(c)(5), if the Court rejects this plea agreement, the Court shall afford Store Decor the opportunity to withdraw its plea and advise the defendant that, if it persists in its guilty plea, the Court is not bound by the Plea Agreement and the disposition of the case may be less favorable than that contemplated by the Plea Agreement. Additionally, if the Court rejects this plea agreement and Store Decor withdraws its guilty

plea, the government agrees that the factual resume Store Decor has signed cannot and will not be used against it. Store Decor understands that the guidelines are not binding on the Court, and are only advisory. Store Decor has reviewed the guidelines with its attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Store Decor fully understands that the actual sentence imposed is solely within the Court's discretion.

5. **Mandatory special assessment:** Prior to sentencing, Store Decor agrees to pay to the U.S. District Clerk the amount of $400.00, in satisfaction of the mandatory special assessment in this case.

7. **Defendant's cooperation:** Store Decor shall cooperate with the government by giving truthful and complete information and testimony concerning its participation and knowledge of others, not only as it relates to the offense of conviction, but also to other criminal activities of which it may be aware. Upon demand, Store Decor shall submit a corporate financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding its capacity to satisfy any fines or restitution. The government will advise the Court of the extent of the defendant's cooperation.

8. **Authority to Enter into Agreement:** This Plea Agreement will be entered into on behalf of Store Decor by a duly authorized corporate officer who, prior to execution of this Plea Agreement, will obtain from Store Decor's board of directors appropriate minutes and resolutions authorizing the execution of this Plea Agreement, which will be filed with the Court as attachments to this Plea Agreement. By entering into this Plea Agreement, said corporate officer expressly represents to the Court and to the

Plea Agreement Store Decor - Page 3

government that he has the power and authority to bind Store Decor, which is a Texas corporation, to this plea agreement.

9. **Government's agreement:** The government will not bring any additional charges against Store Decor based upon the conduct underlying and related to Store Decor's guilty plea. The government will dismiss, after sentencing, the remaining pending charges in the indictment against Store Decor. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Store Decor or any property.

10. **Violation of agreement:** Store Decor understands that if it violates any provision of this agreement, or if its guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute it for all offenses of which it has knowledge. If this happens, Store Decor waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Store Decor also waives objection to the use against it of any information or statements it has provided to the government, and any resulting leads.

11. **Voluntary plea:** This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

12. **Waiver of right to appeal or otherwise challenge sentence:** Store Decor waives its rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from its

conviction and sentence. It further waives its right to contest its conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. 2255. Store Decor, however, reserves the right to bring (a) a direct appeal of (i) a sentence exceeding the statutory maximum punishment, (ii) an arithmetic error at sentencing, and (b) to challenge the voluntariness of its guilty plea or this waiver, and (c) a claim of ineffective assistance of counsel.

13.    **Representation of counsel:** Store Decor has thoroughly reviewed all legal and factual aspects of this case with its lawyer and is fully satisfied with that lawyer's legal representation. Store Decor has received from its lawyer explanations satisfactory to it concerning each paragraph of this Plea Agreement, each of its rights affected by this agreement, and the alternatives available to it other than entering into this agreement. Store Decor concedes that it is guilty, and after conferring with its lawyer, Store Decor has concluded that it is in its best interest to enter into this Plea Agreement and all its terms, rather than to proceed to trial in this case.

14.    **Entirety of agreement:** This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 12 day of FEBRUARY, 2008.

RICHARD B. ROPER
UNITED STATES ATTORNEY

The Store Decor Company, Inc - Retailgraphics
by: *[signature]*
its: PRESIDENT

*[signature]*
Ted Steinke
Attorney for Defendant

*[signature]*
Marcus Busch
Assistant United States Attorney
Texas State Bar No.03493300
1100 Commerce, Third Floor
Dallas, Texas 75242
Telephone: 214.659.8600
Facsimile: 214.767.4104

*[signature]*
Chad Meacham
Deputy Criminal Chief

I have read this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

The Store Decor Company, Inc. - RETAILGRAPHICS
by: *[signature]*
its: PRESIDENT
Defendant

FEBRUARY 12 2008
Date

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

*[signature]*
Ted Steinke
Attorney for Defendant

FEBRUARY 12 2008
Date

# UNANIMOUS WRITTEN CONSENT OF THE BOARD OF DIRECTORS OF THE STORE DECOR COMPANY, INC. - RETAILGRAPHICS

The undersigned, being all of the directors of The Store Decor Company, Inc. - Retailgraphics, a Texas corporation (the "Corporation"), hereby waive notice of the time, place and purpose of a special meeting of the board of directors of the Corporation and hereby consent to and approve the following resolutions:

WHEREAS, a Plea Agreement has been proposed in a case pending in the United States District Court for the Northern District of Texas, Dallas Division, in a case styled, "United States of America vs. The Store Decor Company, Inc. - Retailgraphics (4)," case number 3:07-CR-112-P; and

WHEREAS, a true and correct copy of the Plea Agreement described above is attached to this consent as Exhibit "A," and is incorporated herein for all purposes; and

WHEREAS, the undersigned directors of the Corporation, having carefully reviewed the proposed Plea Agreement and given due consideration to its terms and provisions and to all matters affecting the proposed Plea Agreement, deem it to be in the best interest of the Corporation to approve the Plea Agreement on behalf of the Corporation, and to authorize and instruct Robert Powledge Potts to execute the Plea Agreement for and on behalf of the Corporation; it is therefore

RESOLVED, that Robert Powledge Potts is hereby authorized and instructed to execute the Plea Agreement for and on behalf of the Corporation; it is further

RESOLVED, that this consent be filed by the Secretary of the Corporation with the minutes of the proceedings of the directors of the Corporation.

IN WITNESS WHEREOF, the undersigned have executed this instrument effective as of the 12 day of February 2008.

_____
Robert Powledge Potts, Director

_____
Yvonne Davis, Director

_____
Julie Lynn Evatt, Director

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

---

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | No. 3:07-CR-112-P |
| | § | **ECF** |
| THE STORE DECOR COMPANY, INC. - RETAILGRAPHICS (4) | § § | |

## PLEA AGREEMENT

The Store Decor Company, Inc. - Retailgraphics (Store Decor), the defendant's attorney Ted Steinke, and the United States of America agree as follows:

1. **Rights of the defendant:** Store Decor understands that it has the right:

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have its guilt proven beyond a reasonable doubt; and

    d. to confront and cross-examine witnesses and to call witnesses in its defense; and

2. **Waiver of rights and plea of guilty:** Store Decor waives these rights and pleads guilty to the offense alleged in Count 2 of the indictment, charging a violation of 42 U.S.C. § 6928(d)(1), that is, the transportation of hazardous waste to an unpermitted facility. Store Decor understands the nature and elements of the crime to which it is pleading guilty, and agrees that the factual resume it has signed is true and will be submitted as evidence.

3. **Sentence:** The maximum penalties the Court can impose include:



Plea Agreement Store Decor - Page 1

    a.    probation for a term not to exceed five (5) years;

    b.    a fine of not more than $50,000.00 per day of violation, or twice the gross gain to the defendant or twice the gross loss to the victim, whichever is greater;

    c.    a mandatory special assessment of four hundred dollars ($400.00); and

    d.    restitution to the victim or to the community, which may be mandatory under the law, and which Store Decor agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone.

4.    **Court's sentencing discretion and role of the Guidelines:** Store Decor understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. Pursuant to Rule 11(c)(1)(C), the parties agree that the following sentence is the appropriate disposition of the case:

    a.    a sentence of probation;

    b.    a fine of $50,000, payable to the Clerk of the Court within thirty (30) days following sentencing by the Court; and

    c.    restitution in the amount of $50,000, payable to the Kaufman County Sheriff's Office Federal Seizure Fund, within thirty (30) days following sentencing by the Court.

Pursuant to Rule 11(c)(5), if the Court rejects this plea agreement, the Court shall afford Store Decor the opportunity to withdraw its plea and advise the defendant that, if it persists in its guilty plea, the Court is not bound by the Plea Agreement and the disposition of the case may be less favorable than that contemplated by the Plea Agreement. Additionally, if the Court rejects this plea agreement and Store Decor withdraws its guilty

plea, the government agrees that the factual resume Store Decor has signed cannot and will not be used against it. Store Decor understands that the guidelines are not binding on the Court, and are only advisory. Store Decor has reviewed the guidelines with its attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Store Decor fully understands that the actual sentence imposed is solely within the Court's discretion.

5. **Mandatory special assessment:** Prior to sentencing, Store Decor agrees to pay to the U.S. District Clerk the amount of $400.00, in satisfaction of the mandatory special assessment in this case.

7. **Defendant's cooperation:** Store Decor shall cooperate with the government by giving truthful and complete information and testimony concerning its participation and knowledge of others, not only as it relates to the offense of conviction, but also to other criminal activities of which it may be aware. Upon demand, Store Decor shall submit a corporate financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding its capacity to satisfy any fines or restitution. The government will advise the Court of the extent of the defendant's cooperation.

8. **Authority to Enter into Agreement:** This Plea Agreement will be entered into on behalf of Store Decor by a duly authorized corporate officer who, prior to execution of this Plea Agreement, will obtain from Store Decor's board of directors appropriate minutes and resolutions authorizing the execution of this Plea Agreement, which will be filed with the Court as attachments to this Plea Agreement. By entering into this Plea Agreement, said corporate officer expressly represents to the Court and to the

government that he has the power and authority to bind Store Decor, which is a Texas corporation, to this plea agreement.

9. **Government's agreement:** The government will not bring any additional charges against Store Decor based upon the conduct underlying and related to Store Decor's guilty plea. The government will dismiss, after sentencing, the remaining pending charges in the indictment against Store Decor. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Store Decor or any property.

10. **Violation of agreement:** Store Decor understands that if it violates any provision of this agreement, or if its guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute it for all offenses of which it has knowledge. If this happens, Store Decor waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Store Decor also waives objection to the use against it of any information or statements it has provided to the government, and any resulting leads.

11. **Voluntary plea:** This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

12. **Waiver of right to appeal or otherwise challenge sentence:** Store Decor waives its rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from its

conviction and sentence. It further waives its right to contest its conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. 2255. Store Decor, however, reserves the right to bring (a) a direct appeal of (i) a sentence exceeding the statutory maximum punishment, (ii) an arithmetic error at sentencing, and (b) to challenge the voluntariness of its guilty plea or this waiver, and (c) a claim of ineffective assistance of counsel.

13.  **Representation of counsel:** Store Decor has thoroughly reviewed all legal and factual aspects of this case with its lawyer and is fully satisfied with that lawyer's legal representation. Store Decor has received from its lawyer explanations satisfactory to it concerning each paragraph of this Plea Agreement, each of its rights affected by this agreement, and the alternatives available to it other than entering into this agreement. Store Decor concedes that it is guilty, and after conferring with its lawyer, Store Decor has concluded that it is in its best interest to enter into this Plea Agreement and all its terms, rather than to proceed to trial in this case.

14.  **Entirety of agreement:** This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.